

DANA LIVINGSTON
DIRECT (512) 482-9304
MAIN: (512) 476-1080
EMAIL  dlivingston@cokinoslaw.com

August 29, 2025

Lyle W. Cayce, Clerk
United States Court of Appeals for the Fifth Circuit
Office of the Clerk
F. Edward Hebert Building
600 S. Maestri Place, Suite 115
New Orleans, LA 70130-3408

    Re:    Rule 28(j) Letter in No. 24-60420; *Florida Gas Transmission Co., LLC, a subsidiary of Energy Transfer, LP v. U.S. Dep't of Transportation; Pipeline & Hazardous Materials Safety Administration; Office of Pipeline Safety*

Dear Mr. Cayce:

    After briefing was completed, PHMSA (Respondent here) published a direct "Final Rule; technical correction" to 49 C.F.R. § 192.624 in the Federal Register ("Final Rule").[1]  It "clarif[ies]" that section 192.624's "recently adopted recordkeeping requirements" for traceable, verifiable, and complete (TVC) records to establish maximum allowable operating pressure (MAOP)" "do not apply retroactively to pressure testing predating" the adoption of the pipeline-safety regulations.[2]  The same goes for the recordkeeping requirements in section 192.517(a).[3]

---

[1] *See* Final Rule; technical correction, Pipeline Safety:  Clarifying Recordkeeping Requirements for Testing in MAOP Reconfirmation Regulation, 90 Fed. Reg. 28054 (July 1, 2025) (to be codified at 49 C.F.R. § 192.624(a)(1)), https://www.regulations.gov/document/PHMSA-2025-0117-0001.

[2] *Id*. at 28055.

[3] *Id*.

**COKINOS | YOUNG**   Las Cimas IV, 900 S. Capital of Texas Hwy, Ste. 425, Austin, TX 78746    cokinoslaw.com

SAN FRANCISCO • HOUSTON • SAN ANTONIO • AUSTIN • DALLAS/FT. WORTH HOUSTON • NEW JERSEY

As PHMSA explains, the "technical correction" was necessary because "PHMSA wrongly suggested the contrary in an October 2022 letter of interpretation."[4]  PHMSA withdrew the October 2022 letter because its position "violated the non-retroactivity provision in 49 U.S.C. 60104(b) and the general limitation on the applicability of part 192 in § 192.13(a)."[5]  What's more, had it not been withdrawn, the October 2022 letter would have imposed "significant costs on the gas transmission line industry by invalidating all pre-part 192 pressure tests not satisfying subsequently adopted recordkeeping requirements in 49 CFR 192.517(a)."[6]

This development relates to Item 1 addressed in the following locations in the parties' briefs:  Br.Pet'r 14-28; Br.Resp't 21, 25-26; ReplyBr. 8 n.2; *see id.* at 1, 6-11.

This direct Final Rule, though not yet effective,[7] shows PHMSA's changed position on whether the regulations requiring operators to maintain TVC records apply retroactively.  PHMSA's new position collides with its position in the Final Order and appellate briefing that an operator must maintain verifiable documentation to support its MAOP, even when—as here—the pressure testing was conducted before Part 192's adoption in the early 1970s.[8]

---

[4]  *Id* (referring to https://www.phmsa.dot.gov/sites/phmsa.dot.gov/files/docs/standards-rulemaking/pipeline/interpretations/76846/national-grid-pi-22-0014-10-05-2022-parts192517-and-192624.pdf (now withdrawn)).

[5] *Id.*

[6] *Id.*

[7] The Final Rule was originally published as a direct final rule without a formal comment period. After a reconsideration petition was filed, https://www.regulations.gov/comment/PHMSA-2025-0117-0002, PHMSA noticed a comment period open through September 8, 2025, https://www.regulations.gov/document/PHMSA-2025-0117-0003.

[8] The Sanford Lateral was pressure tested in 1959—pre-part 192.  A.1181-522; *see* A.725-26, 2927.

Respectfully submitted,

*s/ Dana Livingston*
Dana Livingston
dlivingston@cokinoslaw.com
COKINOS YOUNG, P.C.
900 S. Capital of Texas Hwy., Suite 425
Austin, TX 78746
Telephone: (512) 482-9304
Facsimile:  (512) 610-1184

William V. Murchison
Vince.Murchison@PipelineLegal.com
Haley O'Neill
Haley.Oneill@PipelineLegal.com
Roina Rivera
Roina.Rivera@PipelineLegal.com
MURCHISON O'NEILL, PLLC
325 N. St. Paul Street, Suite 2700
Dallas, Texas 75201
Telephone:  (214) 716-1923
Facsimile:  (844) 930-0089

*Counsel for Petitioner Florida Gas Transmission Company, LLC, a subsidiary of Energy Transfer LP*

CERTIFICATE OF SERVICE

I certify that on August 29, 2025, a copy of the foregoing document was filed

and served electronically through the Court's Electronic Case Filing System on lead

counsel of record for Respondents:

Brian James Springer
brian.j.springer@usdoj.gov
Casen Ross
casen.ross@usdoj.gov
civilappellate.ecf@usdoj.gov
U.S. DEPARTMENT OF JUSTICE
CIVIL DIVISION, APPELLATE SECTION
950 Pennsylvania Avenue, N.W.
Room 7270
Washington, DC 20530

*Counsel for Respondents*

/s/ *Dana Livingston*
Dana Livingston

## CERTIFICATE OF COMPLIANCE

1.      This document complies with the type-volume limit of FED. R. APP. P. 28(j) because the body of this letter contains <u>346</u> words.

2.      This document complies with the typeface requirements of FED. R. APP. P. 32(a)(5) and the type-style requirements of FED. R. APP. P. 32(a)(6) because this document has been prepared in a proportionally spaced typeface using Microsoft Word 365, in 14 point Equity, except for footnotes, which are in at least 12 point Equity, as permitted by 5TH CIR. R. 32.1.

*s/ Dana Livingston*
Dana Livingston

**COKINOS | YOUNG**   Las Cimas IV, 900 S. Capital of Texas Hwy, Ste. 425, Austin, TX 78746   cokinoslaw.com

HOUSTON  •  SAN ANTONIO  •  AUSTIN  •  DALLAS/FT. WORTH