

**U.S. Department of Justice**
Civil Division, Appellate Staff
950 Pennsylvania Ave. NW
Washington, DC 20530

---

Tel: (202) 616-5446

September 2, 2025

Lyle W. Cayce
Clerk of Court
U.S. Court of Appeals for the 5th Circuit
600 S. Maestri Place
New Orleans, LA 70130

      RE:   *Florida Gas Transmission Co. v. U.S. Department of Transportation*,
            No. 24-60420 (oral argument scheduled September 3, 2025)

Dear Mr. Cayce:

      Petitioner's August 29 letter cites a final rule published months ago that has no bearing on the present case. *See* 90 Fed. Reg. 28,054 (July 1, 2025). That final rule sought to clarify when the requirements of 49 C.F.R. § 192.517 apply for purposes of determining whether a pipeline operator needs to reconfirm maximum allowable operating pressure pursuant to 49 C.F.R. § 192.624.

      Neither of the regulatory violations at issue in this case were premised on 49 C.F.R. § 192.517. That regulation is not mentioned anywhere in the agency's final order on review before this Court. *See* A.2925-41. Indeed, petitioner does not cite, much less develop any argument about, that regulation in either its opening brief or reply brief. Instead, the agency found in relevant part, based on substantial evidence in the administrative record, that petitioner had failed to substantiate the highest actual operating pressure of its pipeline for the period from July 1965 to July 1970, as required under 49 C.F.R. § 192.619(a)(3) and (c). Those subsections are not referenced in or affected by the final rule.

      Furthermore, the government's brief has already addressed the other contentions in petitioner's letter. The government explained why pressure testing conducted in 1959 does not establish an actual operating pressure between 1965 and 1970. *See* Gov't 23-24. The government explained that petitioner's policy objections to providing records for the five-year historical window are irrelevant where the

question is whether petitioner complied with the regulation and where petitioner had several mechanisms to obviate that requirement. *See* Gov't Br. 24-25. And the government explained why the reconfirmation procedures in 49 C.F.R. § 192.624 do not relieve operators from complying with 49 C.F.R. § 192.619(a)(3) or (c) in the meantime. *See* Gov't Br. 27-28.

    Sincerely,

    *s/ Brian J. Springer*
    Brian J. Springer
    U.S. Department of Justice
    Appellate Staff, Civil Division

cc (via CM/ECF):   Counsel of Record

## CERTIFICATE OF COMPLIANCE

 This letter complies with the type-volume limit of Federal Rule of Appellate Procedure 28(j) because the body of the letter contains 288 words.

*s/ Brian J. Springer*
Brian J. Springer

## CERTIFICATE OF SERVICE

 I hereby certify that on September 2, 2025, I electronically filed the foregoing letter with the Clerk of the Court for the United States Court of Appeals for the Fifth Circuit by using the appellate CM/ECF system. Participants in the case are registered CM/ECF users, and service will be accomplished by the appellate CM/ECF system.

*s/ Brian J. Springer*
Brian J. Springer
